DECISION
This is an appeal by University Carryout, Inc., appellant, from the decision and entry of the Franklin County Court of Common Pleas that affirmed an order of the Ohio Liquor Control Commission ("Liquor Commission") revoking appellant's liquor permit for violation of R.C. 4303.35, which prohibits a permit holder to purchase beer from someone other than an A (manufacturer) or B (wholesale distributor) permit holder for resale upon the permit holder's premises.
At the Liquor Commission hearing, an agreement was reached between the Attorney General's office and counsel for appellant, which dismissed the first violation in case No. 604-98 (alleged possession of stolen property) and, with regard to the remaining violation in case No. 604-98, there was a stipulation to the investigator's report (mutual Exhibit 1).
The pertinent portion of that report is as follows:
 ON JUNE 24, 1997, DETECTIVE ANDRE BOARD OF THE TOLEDO POLICE DEPARTMENT OBTAINED A SEARCH WARRANT FOR THE AFOREMENTIONED PREMISES FOR TRAFFICKING IN CIGARETTES. THE FACTS ARE AS FOLLOWS:
 AT APPROXIMATELY 4:00 P.M., SERGEANT L. PAKUSCH, DETECTIVES A. BOARD, B. LEWANDOWSKI, A. WOODSON, D. POOLE, E. KANTURA, AGENTS A. BRAUN, W. KOHBARGER AND JOHN STOLLAR, OF THE OHIO DEPARTMENT OF TAXATION, ENTERED THE LISTED PREMISES TO EXECUTE THE AFOREMENTIONED SEARCH WARRANT. WHILE EXECUTING THE WARRANT FOR THE STOLEN CIGARETTES, IT WAS DISCOVERED THAT THE PREMISES WAS ALSO IN POSSESSION OF SEVERAL STOLEN GROCERY ITEMS WITH PRICE TAGS AFFIXED ON THEM BEARING THE NAME "THE PHARM." ALSO DISCOVERED WERE SEVERAL CASES OF BEER LABELED BUD LIGHT AND BUSCH BEER WITH NO RECEIPTS FROM THE DISTRIBUTOR VERIFYING THEIR SALE. WHEN ASKED FOR THE PROPER RECEIPTS FOR THE BEER IN QUESTION, M. SALAMEH STATED THAT THE RECEIPTS HE GAVE WERE THE ONLY ONES THAT HE HAD. WHEN HE WAS TOLD THAT THE AFOREMENTIONED BEER WAS NOT LISTED ON THE RECEIPTS, M. SALAMEH STATED THAT HE DID NOT KNOW WHERE IT CAME FROM. * * *
The only additional testimony taken at the hearing was M. Salameh explaining to the Liquor Commission that he is just a night clerk and not the owner of the carryout.
Appellant raises one assignment of error as follows:
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION REVOKING APPELLANT'S LIQUOR PERMIT WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND IN ACCORDANCE WITH LAW.
It is well-established that the trial court's review of the Liquor Commission's order is to determine if that order was supported by reliable, probative and substantial evidence and was in accordance with law. Our Place, Inc. v. Ohio Liquor ControlCommission (1992), 62 Ohio St.3d 570.
Moreover, this court's review is further limited to determining whether the trial court "abused its discretion." On questions of law, however, our review is plenary. See Univ.Hosp., University of Cincinnati College of Medicine v. State Empl.Relations Board (1992), 63 Ohio St.3d 339.
Appellant was found to have violated R.C. 4303.35, which, in pertinent part, provides as follows:
 No holders of A-1-A, C-1, C-2, D-1, D-2, D-3, D-3a, D-4, D-4a, D-5, D-5a, D-5b, D-5c, D-5d, D-5e, D-5f, D-5g, D-5h, D-5I, D-5j, or F permits shall purchase any beer or malt beverage subject to the tax imposed by sections 4301.42 and 4305.01 of the Revised Code or any wine or mixed beverage subject to the tax imposed by section 4301.43 of the Revised Code for resale, except from holders of A or B permits.
To prove this violation, the state was obligated to produce evidence that supports their allegation against appellant that he purchased the beer from someone other than an A or B permit holder.
Because the Liquor Commission and the trial court concluded that appellant "purchase[d]" the two cases of beer in violation of R.C. 4303.35 by relying upon an improper inference, we find that the state failed to carry its burden.
The investigative report (mutual Exhibit 1), on which both the Liquor Commission and the trial court rely, states only with regard to the beer that the clerk could not produce receipts. Those facts, standing alone, are, as a matter of law, insufficient to establish a violation of R.C. 4303.35. The Liquor Commission and the trial court conclude, however, that the two cases of beer were stolen, and, therefore, a violation of R.C. 4303.35. Their conclusion is based upon an inference in the investigative report that other grocery items were stolen because they had another store's ("the Pharm") price tag affixed to them. From this inference, the Liquor Commission and the trial court make the leap that the two cases of beer (without "the Pharm" price tags) were also stolen. We find that inference to be unsupported and unreasonable.
Accordingly, appellant's sole assignment of error is sustained, and the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this decision.
BOWMAN, P.J., and BROWN, J., concur.